# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOVSEP GHAZARYAN and ALINA MKRTCHYAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF MADERA and MATTHEW TREBER,<br><br>        Defendants. | Case No. 1:24-cv-00436-SKO<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 18) |

## I.    INTRODUCTION

Plaintiffs Hovsep Ghazaryan and Alina Mkrtchyan (collectively, "Plaintiffs") bring this action against Defendants County of Madera (the "County") and Matthew Treber (collectively, "Defendants") alleging a cause of action under 42 U.S.C. § 1983 for denial of procedural due process under the Fourteenth Amendment to the United States Constitution. (Doc. 1.)  On July 12, 2024, Defendants filed a motion for summary judgment. (Doc. 18.)  With leave of Court (Doc. 29), Plaintiffs filed their opposition on September 9, 2024 (Doc. 30), and Defendants replied on September 18, 2024 (Doc. 31). The matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court took the matter under submission without a hearing. (Doc. 29.)

For the reasons set forth below, Defendants' motion for summary judgment will be granted.[1]

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge for all purposes. (*See* Doc. 24.)

## II.     SUMMARY OF RELEVANT EVIDENCE[2]

### A.     The Solar Project Permit

On November 30, 2021, the County's Community and Economic Development Building and Fire Safety Department ("Department") received a building permit application from Plaintiffs for the construction of a Ground Mount Solar System ("Solar Project") at 14215 Killarney Drive in Madera, California.  (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 1; *see also* Doc. 18-3, Mahler Decl. Exh. A.)  The Department approved the application on December 16, 2021, and issued Building Permit 21-0540-MP ("Permit") to Plaintiffs based on the information they submitted in the application.  (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 2; *see also* Doc. 18-3, Mahler Decl. Exh. B.)  After their Permit was approved, Plaintiffs constructed the proposed Solar Project.  (*Id*. ¶ 3.)

### B.     Revocation of the Solar Project Permit

At some point prior to November 2022, and after Plaintiffs had completed construction of the Solar Project, the Department learned that the Solar Project was installed within a recorded easement that was not noted or referenced within the Permit application.  (Doc. 18-3, Mahler Decl. ¶ 5 and Exh. C; Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 4.)  Based on the new information the Department received regarding the existence of the easement, on November 9, 2022, Deborah Mahler, County Building Official and Deputy Director of the Department, mailed Plaintiffs a revocation letter informing them the Building Permit was being revoked with reasons for the revocation, and asked Plaintiffs to contact the Department to obtain a demolition permit for the Solar Project.  (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶¶ 5; *see also* Doc. 18-3, Mahler Decl. ¶ 1 & Exh. C.)

On January 6, 2023, the Department issued a "Notice of Violation" that informed Plaintiffs that failure to remove the offending Solar Project could result in issuance of administrative penalties starting at $250 for each violation.  (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 6; *see also* Doc. 18-3,

---

[2] The evidence adduced by the parties in conjunction with this motion comprises: (i) Defendants' Separate Statement of Undisputed Facts ("Defs.' SSUF") (Doc. 18-2); (ii) Declaration of Deborah Mahler and exhibits thereto ("Mahler Decl.") (Doc. 18-3); (iii) Declaration of Harnisha K. Dale and exhibits thereto ("Dale Decl.") (Doc. 18-4); (iv) Plaintiffs' Response to Defendants' Separate Statement of Undisputed Facts ("Plts.' Resp. to Defs.' SSUF") (Doc. 30-1 at 2–6); (v) Plts.' Separate Statement of Undisputed Facts ("Plts.' SSUF") (Doc. 30-1 at 6); (vi) Declaration of R. David DiJulio ("DiJulio Decl.") (Doc. 30-2); and Defendants' Reply Statement of Undisputed and Disputed Material Facts ("Defs.' RSUF") (Doc. 31-1).  The summary of relevant evidence is distilled from these sources.

Mahler Decl. Exh. D.) The Department issued an "Administrative Citation" to Plaintiffs on January 18, 2023, with fines pertaining to violations of the California Building Code. (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 7; *see also* Doc. 18-3, Mahler Decl. Exh. E.)

**C.     Appeal of the Notice of Violation and Administrative Penalties**

On or about January 23, 2023, Plaintiffs filed a request for an administrative appeal of the "Notice of Violation" and "Administrative Citation" the County had issued them. (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 8; *see also* Doc. 18-4, Dale Decl. Exh. A.) An administrative appeal hearing was held at the County Administration Building on May 22, 2023. (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 9.) Hearing Officer Stephen J. Kane, retired justice of the Fifth District Court of Appeals, presided as the County Hearing Officer. (*Id*.)

At that hearing, Plaintiffs contended that the "County was without legal authority to summarily revoke the permit it had previously approved because it did so without notice and a hearing." (Doc. 18-4, Dale Decl. Exh. B at 4.) The County responded that it "had the authority to revoke without notice and a hearing because the permit did not comply with the law, namely, it did not disclose that the project would be built on an easement." (*Id*.)

The County was represented by Deputy County Counsel Harnisha K. Dale, and Plaintiffs were represented by attorney David DiJulio. (*Id*. ¶ 10.) The County called two witnesses: Ms. Mahler and Jacob Aragon, a County Planning Division employee. (*Id*.) Plaintiffs called Plaintiff Alina Mkrtchyan as their only witness. (*Id*.) These witnesses testified and were subject to cross-examination. (Doc. 31-1, Defs.' RSUF ¶ 20; *see also* Doc. 30-2, DiJulio Decl. ¶ 4; Doc. 18-4, Dale Decl. Exh. B at 2–4.)

1.     The June 20, 2023, Decision[3]

In a decision dated June 20, 2023, Hearing Officer Kane decided in favor of Plaintiffs, finding:

> County has failed to carry its burden to establish that the permit was not validly issued. Having been issued a valid permit, [Plaintiffs] acquired protected property rights which County was not authorized to revoke without first providing prior

---

[3] The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the decisions in the parties' prior administrative proceedings. *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate of records and reports of administrative bodies.").

> notice and an opportunity to be heard. Here, the revocation was made unilaterally by County. No prior notice was given and no opportunity for evidentiary hearing was offered. This violated [Plaintiffs'] due process rights.

(Doc. 18-4, Dale Decl. Exh. B at 6; *see also* Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶¶ 11–12.) As a result, Hearing Officer Kane deemed the revocation of the Permit and violation notice "inoperative and of no legal force." (Doc. 18-4, Dale Decl. Exh. B at 6.) The decision was "without prejudice to County giving the required notice and affording Appellants an evidentiary hearing to determine whether the permit should be revoked." (*Id.*; *see also* Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 13.) In a footnote, the decision also stated, "[i]f County proves that the project interferes with an easement and that such condition violates the law, it may be entitled to revoke the permit[.]" (*Id.*; *see also* Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 14.)

    2.    <u>The November 6, 2023, Decision</u>

The County did not challenge the June 20, 2023, decision. (Doc. 31-1, Defs.' RSUF ¶ 21; *see also* Doc. 30-2, DiJulio Decl. ¶ 5.) Instead, it subsequently noticed, and the parties participated in, a "merits hearing" held on September 13, 2023, to "determine on the merits whether the [P]ermit should be revoked." (Doc. 18-4, Dale Decl. Exh. C at 2.) Hearing Officer Kane again presided over the hearing, and the County and Plaintiffs were again represented by Ms. Dale and Mr. DiJulio, respectively. (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 15; *see also* Doc. 18-4, Dale Decl. Exh. C.) The County called four witnesses at the hearing, and Plaintiffs again called one witness. (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 15; *see also* Doc. 18-4, Dale Decl. Exh. C at 3–7.) As stated by Plaintiffs, the "core issue" to be determined was "whether there is substantial evidence on the record to support the County's intention to revoke [their Permit] and vested property rights." (Doc. 18-4, Dale Decl. Exh. C at 14.)

In a decision dated November 6, 2023, Hearing Officer Kane found that Plaintiffs failed to disclose in their Permit application the existence of a recorded easement on their property belonging to another property owner, and that the Solar Project "denies the easement holder reasonable access and unreasonably interferes with the easement holder's rights of use." (Doc. 18-4, Dale Decl. Exh. C at 7–9.) Plaintiffs' failure to disclose the presence of the easement in their Permit application, of which they were charged "constructive knowledge," was a "misrepresentation of fact" to the County

as to the nature of their property rights at the Solar Project's location.  (*Id*. at 8, 12, 13.  *See also* Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 17.))

Regarding Plaintiffs' contention that they "acquired a vested right to maintain the solar project in its present location after County issued its permit and [Plaintiffs] had the project built" (Doc. 18-4, Dale Decl. Exh. C at 10), Hearing Officer Kane rejected that argument, holding that Plaintiffs' constructive knowledge of the easement "defeats their contention that they acquired a vested property right precluding County from revoking their [P]ermit to build the [S]olar [P]roject." (*Id*. at 13.)  He concluded that Plaintiffs "did not acquire a vested property right and there is substantial evidence to support the revocation of [their Permit]."  (*Id*. at 14.)

As of the date of filing the present motion, Plaintiffs have not filed or served the County with a petition for writ of mandamus, or any other legal action, contesting the Hearing Officer's November 6, 2023, decision.  (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 19.)

**D.     Plaintiffs File the Present Suit for Damages**

On March 13, 2024, Plaintiffs filed a complaint in the U.S. District Court for the Central District of California.  (Doc. 1.)  Because a "substantial part of the events" occurred within the boundaries of the Eastern District of California, the case was transferred, *sua sponte*, to this Court on April 8, 2024.  (Doc. 11.)

In their complaint, Plaintiffs allege a claim under 42 U.S.C. § 1983 for violation of Plaintiffs' right in revoking their Permit without due process.  (Doc. 1.)  They seek $21,793.19 in damages, which is the amount of "attorney's fees and cost[s] to appeal the revocation, attend the appeal hearing, and for filing briefs."  (Doc. 1-2 at 9; Doc. 1 at 3.  *See also* Doc. 31-1, Defs.' RSUF ¶ 22; Doc. 30-2, DiJulio Decl. ¶ 6.)

### III.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A material fact is one that may affect the outcome of the case under the applicable law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable [factfinder]

5

could return a verdict in favor of the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Id.*  By contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant satisfies its initial burden, then the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a [factfinder] could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original).  "[B]ald assertions or a mere scintilla of evidence" will not suffice in this respect. *Id.* at 929; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (footnote omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984.  That remains the province of the fact finder. *See Anderson*, 477 U.S. at 255.  Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*  Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from

6

which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## IV. DISCUSSION

Defendants contend that they are entitled to summary judgment because Hearing Officer Kane's November 6, 2023, decision is "binding upon [Plaintiffs] here under principles of collateral estoppel" and, as such, "it having been adjudicated that Plaintiffs never had a vested property interest in the [Permit], their procedural due process claim fails . . . since they have not, and cannot, identify any deprivation of a constitutionally protected property right." (Doc. 18-1 at 10.) Plaintiffs, relying on Hearing Officer Kane's earlier decision issued June 20, 2023, respond that summary judgment in favor of Defendants is inappropriate because "the doctrines of *res judicata* and collateral estoppel bar Defendants from relitigating the issue of whether the permit was issued validly and whether County violated Plaintiffs' due process rights." (Doc. 30 at 6.)

Because both parties assert that the preclusive effect of Hearing Officer Kane's decisions controls the disposition of this motion, the Court must first determine whether those administrative proceedings can be given preclusive effect in this case.

**A.     The Parties' Administrative Proceedings Can Be Given Preclusive Effect**

An unreviewed state administrative decision may have preclusive effect in federal court as a matter of federal common law if they meet the fairness requirements described in *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394 (1966). *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994); *see also Alarcon v. Bostic*, No. 15cv1606-MMA (RBM), 2018 WL 6417655, at \*2 (S.D. Cal. Dec. 6, 2018).  Furthermore, an unreviewed state administrative decision has preclusive effect when a state agency is "acting in a judicial capacity" and "resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *University of Tennessee v. Elliot*, 487 U.S. 788, 799 (1986).

Under *Utah Construction*, it is fair to give preclusive effect to an administrative decision if (1) the administrative agency acted in a judicial capacity; (2) the agency "resolv[ed] disputed issues of fact properly before it;" and (3) "the parties . . . had an adequate opportunity to litigate." *Utah Constr.*, 384 U.S. at 422. If an administrative proceeding is sufficiently judicial in character under

7

*Utah Construction*, federal courts turn to the state's rules of preclusion to define the preclusive effect of the administrative decision. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012); *Eaton v. Siemens*, No. 2:07-CV-00315-MCE, 2012 WL 1669680, at *5 (E.D. Cal. May 11, 2012), *aff'd*, 571 F. App'x 620 (9th Cir. 2014).

Here, the parties do not dispute that the administrative proceedings were sufficiently judicial in character. (*See* Doc. 18-1 at 10; Doc. 30 at 6.) In any event, the Court finds that the *Utah Construction* requirements are met. Plaintiffs agreed to the hearing officer, were represented by counsel at the hearings, and had the opportunity introduce evidence, and to examine and cross-examine witnesses at the hearings. (*See* Doc. 18-4, Dale Decl. ¶ 6 and Exh. B at 2–4 and Exh. C at 3–7; Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶¶ 10, 15; Doc. 30-2, DiJulio Decl. ¶ 4; Doc. 31-1, Defs.' RSUF ¶ 20.) Following the hearing on September 13, 2023, Plaintiffs submitted post-hearing briefs. (*See* Doc. 18-4, Dale Decl. Exh. C at 2.) Further, the hearing officer issued a written decision following each hearing. (*See* Doc. 18-4, Dale Decl. Exhs. B and C.) Therefore, the administrative decisions at issue here meet the requirements laid out in *Utah Construction* and may be given preclusive effect. *See Miller*, 39 F.3d at 1032–38 (holding that an unreviewed administrative determination can meet the Utah Construction fairness requirements); *Grigorescu v. Bd. of Trustees of San Mateo Cnty. Cmty. Coll. Dist.*, No. 18-CV-05932-EMC, 2024 WL 37211, at *10 (N.D. Cal. Jan. 2, 2024) (finding that the administrative appeal proceeding may have preclusive effect because the hearing had an agreed-upon presiding hearing officer, representation by counsel, opening statements and arguments, documentary evidence, examination and cross-examination of witnesses, post-hearing briefs, and a written final decision from the hearing officer.).

**B.      Plaintiffs are Barred from Claiming a Property Interest in the Permit**

Having found that Hearing Officer Kane's decisions meet the *Utah Construction* requirements, the Court next determines under California law whether and to what extent those decisions bar relitigation of claims or issues in this case. *White*, 671 F.3d at 926.

*Res judicata*, or claim preclusion, prevents parties from "relitigating a cause of action that has been finally determined" and applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3)

the parties in the present proceeding or parties in privity with them were parties to the prior proceeding. *Busick v. Workmen's Comp. Appeals Bd.*, 7 Cal. 3d 967, 972–75 (1972). Relatedly, collateral estoppel, or issue preclusion, which serves to prevent "relitigation of issues argued and decided in prior proceedings," applies where (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. *Lucido v. Superior Ct.*, 51 Cal. 3d 335, 341 (1990). Both concepts require a final adjudication on the merits. *Sikking v. Griswold*, No. 19CV1004-LAB (KSC), 2021 WL 321982, at *3 (S.D. Cal. Feb. 1, 2021).

        1.    <u>The June 20, 2023, Decision is Not Preclusive Because it was Not Final</u>

Here, neither claim nor issue preclusion apply to Hearing Officer Kane's June 20, 2023, decision because it was not a final adjudication on the merits.[4] The determination that the County's revocation of the Permit without notice and a hearing violated Plaintiffs' due process rights was predicated on Plaintiffs having acquired "protected property rights" as a result of "[h]aving been issued a valid permit." (*See* Doc. 18-4, Dale Decl. Exh. B at 6.) Hearing Officer Kane expressly provided that his decision was "without prejudice" to the County noticing a subsequent "evidentiary hearing" to determine whether the Permit "should be revoked." (*Id.*) Thus, as of June 20, 2023, the issue of whether Plaintiffs had "protected property rights" in the Permit that could be revoked—and any due process claim based thereon—had not yet been finally determined on the merits, and was reserved, without prejudice, for a subsequent evidentiary hearing (which was held September 13, 2023, and resulted in an adverse determination to Plaintiffs). *See George Arakelian Farms, Inc. v.*

---

[4] It bears noting that Plaintiffs seek to use offensive claim preclusion to defeat Defendants' motion for summary judgment and, it would seem, to avoid the need to litigate their due process claim in this Court. Plaintiffs have not identified any case in which a plaintiff prevailed on a claim of offensive claim preclusion, and the Court has been unable to identify such a case. In fact, the legal authority militates against such use. *See, e.g., Fratus v. Contra Costa Cnty. Bd. of Supervisors*, No. C-11-3659 JSC, 2013 WL 5645195, at *4 (N.D. Cal. Oct. 16, 2013) ("As an initial matter, Plaintiffs' invocation of res judicata is nonsensical. '[Res judicata] bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits.' Plaintiffs, presumably, are not attempting to bar their own repetitious suit.") (internal citations omitted); *Smart SMS Corp. v. Dadon*, No. CV0800780RGKRCX, 2009 WL 10672798, at *3 (C.D. Cal. Jan. 7, 2009) ("To the extent that Plaintiff attempts to use res judicata offensively, the Court rejects such use. Specifically, when used offensively, res judicata, unlike collateral estoppel, bars a second action. Thus, it would not make sense for Plaintiff, in this action, to seek to bar its own action.").

*Agric. Lab. Rels. Bd.*, 49 Cal. 3d 1279, 1290–91 (1989) ("[F]inality is lacking, and thus the rules of *res judicata* do not apply, if an issue of law or fact essential to the adjudication of the claim has been reserved for future determination, or if the administrative agency has decided that one party should have relief but the amount of the damages, or the form or scope of other relief, remains to be determined."); *Wilkins v. Wilkins*, 95 Cal. App. 2d 611, 613 (1950) (The term 'without prejudice,' in its general adaptation, means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as if no suit had ever been brought."); *see also In re Marriage of Modnick*, 33 Cal. 3d 897, 904 n.6 (1983) (denial of a motion without prejudice presents no *res judicata* bar to a subsequent motion for the same relief). *Cf. Parkford Owners for a Better Cmty. v. Windeshausen*, 81 Cal. App. 5th 216, 227 (2022) ("A judgment or adjudication is on the merits if the substance of the claim or issue is tried and determined."). Having no preclusive effect, Hearing Officer Kane's June 20, 2023, decision does not defeat Defendants' motion for summary judgment.

 2. <u>The November 6, 2023, Decision Bars Relitigation of Plaintiffs' Property Right</u>

In contrast to the June 20, 2023, decision, Hearing Officer Kane's November 6, 2023, decision was a final adjudication on the merits. As stated in the decision, following an "evidentiary hearing," Hearing Officer Kane determined the issue of whether there was "substantial evidence on the record to support the County's intention to revoke [Plaintiffs' Permit] and vested property rights." (*See* Doc. 18-4, Dale Decl. Exh. C at 2, 14.) He found against Plaintiffs "on the merits," concluding that they "did not acquire a vested property right and there is substantial evidence to support the revocation of the [Permit]." (*Id.*) Moreover, it is undisputed that Plaintiffs have never filed or served the County with a petition for writ of mandamus, or any other legal action, contesting the November 6, 2023, decision. (Doc. 30-1, Plts.' Resp. to Defs.' SSUF ¶ 19.) That decision is therefore "final," and Plaintiffs are barred from relitigating any issues, including the existence of a property right in their Permit, that were adjudicated therein.[5] *See Misischia v. Pirie,* 60 F.3d 626,

---

[5] The Court agrees that Hearing Officer Kane's November 6, 2023, decision did not directly revisit his prior determination that Plaintiffs were entitled to notice and an evidentiary hearing before the County initially revoked their permit. (*See* Doc. 18-4, Dale Decl. Exh. C at 12–13.) However, Plaintiffs' property interest in the Permit and the County's ability to revoke it, which forms the basis of the due process claim alleged here, were expressly reserved for subsequent adjudication and finally decided on a more developed evidentiary record. *See* Section IV.B.1, *supra*.

630 (9th Cir. 1995); *Alarcon*, 2018 WL 6417655, at *6.

## C.   Defendants are Entitled to Summary Judgment on Plaintiffs' Procedural Due Process Claim

The Fourteenth Amendment's guarantee of procedural due process protects individuals from erroneous or unjustified deprivations of life, liberty, or property, and assures them that the government deals with them fairly.  *Carey v. Piphus*, 435 U.S. 247, 259 (1978).  To state a procedural due process claim, Plaintiffs must establish that they had a "protectible property interest" and, if so, that they were "denied this property right without the process which was due under the circumstances."  *Bateson v. Geisse*, 857 F.2d 1300, 1305 (9th Cir. 1988); *see also Knudson v. Ellensburg*, 832 F.2d. 1142, 1145 (9th Cir. 1987) (explaining that in a procedural due process case a court must first determine whether a liberty or property interest exists entitling the individual to due process).  "Property interests giving rise to a due process claim, such as vested rights in a [] permit, 'are created and their dimensions are defined by existing rules or understandings that stem from . . . state law.'"  *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 902–03 (9th Cir. 2007) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)); *see also Bateson*, 857 F.2d at 1305 ("A property interest in a benefit protected by the due process clause results from a 'legitimate claim of entitlement' created and defined by an independent source, such as a state or federal law.")

Here, the only property interest advanced by Plaintiffs in support of their procedural due process claim is that in their Permit.  (*See* Doc. 1 ¶¶ 1, 9; Doc. 30 at 2, 5, 7.)  However, Hearing Officer Kane's November 6, 2023, decision, which determined that Plaintiffs "did not acquire a vested property right" in the Permit, forecloses that argument.  In the absence of a protectible property interest, Plaintiffs' due process claim fails.[6]  *Guatay Christian Fellowship v. Cnty. of San Diego,* 670 F.3d 957, 986 (9th Cir. 2011).  Defendants are therefore entitled to summary judgment.[7]

---

[6] Even if the Court were to find that Plaintiffs at one point had a protectible property interest in the Permit, the undisputed fact that they had notice and an evidentiary hearing prior to its ultimate revocation would be fatal to their claim.  *See Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.").

[7] Although not the subject of Defendants' motion, to the extent Plaintiffs are alleging that the County is liable for a denial of due process pursuant to *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691–94 (1978) (*see* Doc. 1 ¶ 16), such claim fails for the same reasons as set forth above.  *See Wagner v. Cnty. of Spokane*, 506 F. Supp. 3d 1091,

### V.     CONCLUSION AND ORDER

For the foregoing reasons, Defendants County of Madera's and Matthew Treber's motion for summary judgment (Doc. 18) is GRANTED.  Judgment shall be entered in favor of Defendants. The Clerk of Court is directed to vacate any pending deadlines and to close this case.

IT IS SO ORDERED.

Dated:   **September 24, 2024**                    /s/ *Sheila K. Oberto*                     
                                                         UNITED STATES MAGISTRATE JUDGE

---

1104 (E.D. Wash. 2020) ("*Monell* violations are 'contingent on a violation of constitutional rights.'") (quoting *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding that "municipal defendants cannot be held liable because no constitutional violation occurred")).